IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS WESLEY SMITH, | ) | |
| # 206280, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:11cv86-ID |
| | ) | (WO) |
| DAVID WISE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner has filed a motion for voluntary dismissal without prejudice of the instant action, pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. No. 20.) Under the circumstances, and in an abundance of caution, this court hereby advises Petitioner of the potential consequences of dismissal of his action pursuant to his request.

Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments. The one-year period normally runs from the date upon which the conviction became final, *see* § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted. *See* § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 (2000). Furthermore, Petitioner is advised that the pendency of the instant federal habeas action does not toll the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). *See Duncan v. Walker*, 533 U.S. 167, 181(2001) (construing 28 U.S.C. § 2244(d)(2)). Finally, Petitioner is advised that the fact a § 2254 petition is dismissed

without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.

Accordingly, it is

ORDERED that on or before March 11, 2011, Petitioner shall advise this court whether, in light of the potential consequences of dismissal, he wishes to maintain his request that the instant action be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Done this 18th day of February, 2011.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE